**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BARBARA EUTSEY**,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**TURNING POINT COMMUNITY SERVICE, INC. , aka TURNING POINT COMMUNITY INC., and CHRISTINE MCCLOUD, Individually,**<br><br>　　　　Defendants. | **COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff BARBARA EUTSEY ("Eutsey" or "Plaintiff") on behalf of herself and all others similarly situated (collectively "Plaintiffs"), by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendant TURNING POINT COMMUNITY SERVICE, INC., aka TURNING POINT COMMUNITY, INC. ("TPCS"), and CHRISTINE MCCLOUD, Individually ("McCloud") (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1.　Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2.　Plaintiff brings this lawsuit against Defendants as a collective action on behalf of herself and all other persons similarly situated –non-exempt workers– who suffered damages as a

result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt duties for a women and children's shelter, conducting intakes for those new to the facility, signing them in and out of the building, monitoring the building, and ensuring room cleanliness, for the Defendants in New Jersey and based from Defendants' location in Irvington, Essex County, NJ. Defendants are therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendant, TPCS, was and remains an organization which is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).  More specifically, Defendant provides housing and supportive services to minorities in and about Essex County, NJ.  In addition to Defendant using the channels of interstate commerce to transport their finished products to clients throughout the United States and internationally, and buying and moving their equipment and tools throughout the country to perform their corporate duties, Plaintiff and those similarly situated employees worked in interstate commerce as well,

2

i.e., using these tools and products which have moved through interstate channels so as to produce an end product for Defendants' consumers. Thus Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

8. Plaintiff Eutsey is an adult individual who is a resident of Newark, Essex County, New Jersey.

9. Plaintiff was employed by Defendants full time, from in or about 2008, through in or about November, 15, 2017.

10. Upon information and belief, the Defendants are headquartered in Irvington, Essex County, New Jersey.

11. Upon information and belief, at all times relevant to this Complaint, the Defendants employed individuals to perform labor services on behalf of the Defendants.

12. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

13. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

14. Upon information and belief, Defendant Christine McCloud, is a New Jersey state resident.

15. Upon information and belief, at all times relevant to this Complaint, individual Defendant McCloud has been a partner, officer and/or manager of the Defendant TPCS.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant McCloud has had power over personnel decisions at the Defendant TPCS, including the management of day to day operations, control over employee pay practices and the power to

change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## FACTS

17. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff, and those similarly situated employees, for all overtime hours worked in a work week.

18. Plaintiff Eutsey was an hourly employee and her most recent hourly rate of pay was $10.50 an hour.

19. Plaintiff Eutsey routinely worked between five (5) days per week.

20. Plaintiff Eutsey worked approximately nine (9) hours per day and approximately forty-five (45) hours per week.

21. Plaintiff did not clock in and out for work. Instead, Plaintiff signed in on a "time sheet" when she first arrived at work, and signed out on the "time sheet" when she left work for the day.

22. Plaintiff was not paid for all of the time that should be reflected on the sign in and out sheets.

23. Plaintiff Eutsey was not paid for all of her overtime hours that she worked each week in excess of forty (40) hours per workweek.

24. Plaintiff Eutsey was paid time and one half for some but not all of her hours worked over forty (40) in a workweek.

25. Upon information and belief, employees similarly situated to Plaintiff were also compensated for some but not all of their overtime hours worked in excess of forty (40) each work week.

26. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

27. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

28. This cause of action is brought to recover from Defendants unpaid overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

29. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendants.

30. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

31. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked as well as those worked in excess of forty (40) within a work week.

32. The additional persons who may become Plaintiffs in this action are Defendants non-exempt laborers who have worked overtime hours in one or more work periods, on or after March 6, 2015, and were not properly compensated at the statutory minimum wages or at the statutory overtime rate of pay for hours worked in excess of forty (40) within a workweek.

33. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent her individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

### COUNT I
### RECOVERY OF OVERTIME COMPENSATION
### PURSUANT TO THE FLSA

34. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the above Paragraphs.

35. Plaintiff is entitled to be paid one and one half times her regular rate of pay for each of her overtime hours worked per work week.

36. All similarly situated employees of the Defendants are also owed their overtime rate of pay for each and every overtime hour they worked and were not properly paid.

37. Defendants knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to them at time and one half their regular rate of pay for all of their overtime hours worked in a work week.

38. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

39. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

### COUNT II
### RECOVERY OF OVERTIME COMPENSATION
### PURSUANT TO THE NJWHL

40. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

41. Defendants' aforementioned conduct is in violation of the NJWHL.

42. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to unpaid wages.

### JURY TRIAL

43. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff BARBARA EUTSEY, and those similarly situated to her, who have or will become part of this collective action, demand judgment, against Defendant TURNING POIONT COMMUNITY SERVICES, INC., aka TURNING POINT COMMUNITY, INC., and CHRISTINE MCCLOUD for the payment of compensation for all hours due them and overtime hours due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: March 6, 2018                                  Respectfully submitted,

 s/ Jodi J. Jaffe
Jodi J. Jaffe, Esquire
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
Andrew I. Glenn, Esq.
Email: aglenn@jaffeglenn.com
New Jersey Bar No.: 026491992
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*